UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA E. COE,

                Plaintiff,

- *against* -

ANDREW SAUL,
*Commissioner of Social Security Administration*

                Respondent.

Copies mailed 11/16/2020
Chambers of Judge Davison

**19 Civ. 10993 (PED)**

**DECISION AND ORDER**

**PAUL E. DAVISON, U.S.M.J.:**

## I. INTRODUCTION

Plaintiff Sandra Coe, *pro se*, brings this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Commissioner" or "agency") denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). [Dkt. 2.] The matter is before me for all purposes pursuant to a Notice, Consent and Reference of a Civil Action to a Magistrate Judge entered on January 23, 2020. [Dkt. 12.] The Commissioner filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that Plaintiff did not timely seek review of the Administrative Law Judge's ("ALJ") denial of her request for a hearing, and that the Appeals Council's dismissal of her untimely application was supported by substantial evidence. [Dkt. 17, 18.] For the reasons that follow, the Complaint is **DISMISSED.**

## II. BACKGROUND

Plaintiff filed applications for DIB and SSI on November 27, 2015. [R. 90.][1] The

---

[1] Notations preceded by "R" refer to the certified administrative record of proceedings relating to this case submitted by the Commissioner in lieu of an answer. [Dkt. 15.]

applications were denied, and Plaintiff timely requested a reconsideration hearing before an ALJ. [R. 146-47, 163-73.] On April 26, 2016, Plaintiff retained attorney Lori Lembeck of the law firm Binder & Binder as her primary representative. [R. 143.] On April 12, 2018, Plaintiff also retained Attorney Gabrielle Muller of the Advocator Group to act as her representative. [R. 80.] On the same day, Attorney Lembeck entered into a fee sharing agreement with Attorney Muller, which Plaintiff also signed.[2] [R. 81.]

A hearing was held on April 12, 2018, at which Plaintiff appeared with Attorney Muller. [R. 11-21.] The ALJ observed a significant lack of medical records. [R. 17-21.] Attorney Muller conceded that her office failed to timely request Plaintiff's records from her healthcare providers, and, as a result, Plaintiff's file was largely incomplete. [R. 17, 19.] The ALJ adjourned the hearing and directed Plaintiff to submit the missing medical evidence. [R. 21.]

The ALJ scheduled a second hearing for July 26, 2018. The agency mailed a Notice of Hearing to Plaintiff at her correct home address[3] and to Attorney Lembeck on July 12, 2018. [R. 46-48.] The Notice of Hearing stated, "If you do not appear at this hearing, and do not provide a good reason why you did not appear, the administrative law judge (ALJ) will **dismiss** your request for hearing without further notice." [R. 46.] (emphasis in original). A representative from the Advocator Group mailed a letter dated July 12, 2018 to the ALJ acknowledging the July 26 hearing. [R. 187.] On July 23, 2018, Plaintiff contacted the Agency by telephone

---

[2] Plaintiff and Attorney Lembeck appear to have signed the fee agreement on April 26, 2016, the day Attorney Lembeck was appointed as counsel. [R. 140.] Plaintiff appears to have signed the same document a second time on April 12, 2018, and Attorney Muller signed on the same day. [R. 81.] Thus, both attorneys were properly designated as Plaintiff's counsel.

[3] Plaintiff's address on the Notice of Hearing matches Plaintiff's address listed on this Court's docket.

2

confirming her intent to appear at the hearing. [R. 186.]

Neither Plaintiff nor her attorneys appeared at the July 26 hearing, and, on August 1, 2018, the ALJ dismissed Plaintiff's hearing request. [R. 6-10.] According to a July 27, 2018 Report of Contact, Plaintiff had called the agency a day after the hearing and stated that she was not allowed into the building because she had had a bottle of liquor in her bag. [R. 184.] According to the Order of Dismissal, another individual associated with Plaintiff's representative's office happened to be present on the day of the hearing. [R. 10.] This individual was not Plaintiff's representative and did not have an executed SSA Form 1696 designating him as Plaintiff's representative. *Id.* However, this individual attempted to contact Plaintiff on her cell phone but was unable to reach her. *Id.* In dismissing the hearing request, the ALJ found that Plaintiff had failed to show good cause for her failure to appear, a well as her representative's failure to appear. *Id.*

Plaintiff's attorneys did not contact the agency until the day after the ALJ's Notice and Order of Dismissal. On August 2, 2018, an unnamed representative[4] from the Advocator Group sent a letter to the ALJ asking to reschedule the hearing. [R. 43.] The letter offered no explanation whatsoever for counsel's failure to appear. The letter explained that Plaintiff had been turned away from the building because she had had a bottle of liquor in her purse. *Id.* Plaintiff had left and allegedly returned several minutes later, but was turned away again. *Id.* Another unsigned, unnamed letter was sent from the Advocator Group to the ALJ on August 6, 2018. [R. 183.] The letter was identical to the earlier letter, except that the date had been changed. [R. 47, 183.] On the same day, someone named "Denise" from the Advocator Group

---

[4] There is no name on the letter, and the signature block was left blank.

called the agency and referred to the August 2 letter as a response to a "Show Cause Notice,"[5] and asked that the hearing be rescheduled. [R. 182.]

The Notice of Dismissal stated that Plaintiff could appeal the ALJ's dismissal by filing a written request with the Appeals Council within 60 days of the date on which she received the Notice and Order of Dismissal. [R. 6-7.] The Notice of Dismissal also explained that the Appeals Council will presume that Plaintiff will have received the Notice and Order of Dismissal five days after the date of dismissal, unless Plaintiff could show otherwise. [R. 7.] Plaintiff, therefore, had until October 5, 2018 to file her application with the Appeals Council. The Notice of Dismissal stated, "The Council will dismiss a late request unless you show you had a good reason for not filing it on time." *Id.*

At some point, Plaintiff retained Attorney Robert Buckley to represent her in connection with her appeal. [R. 42.] On October 11, 2018, after the expiry of Plaintiff's time to file an application with the Appeals Council, Attorney Buckley withdrew from representation.[6] *Id.* On November 13, 2018, Plaintiff retained Attorney Max Leifer as counsel. [R. 39-40.] On November 15, 2018, Attorney Leifer sent a letter to the Appeals Council asking that Plaintiff's case be remanded for hearing on the basis that Plaintiff experienced mental and emotional problems.[7] [R. 31-39.]

On November 28, 2018, the Appeals Council sent written notice to Plaintiff and Attorney

---

[5] There is no Show Cause Notice in the record.

[6] There is no information in the record indicating when Attorney Buckley was retained, or whether Attorneys Lembeck and Muller ceased their representation at any time.

[7] Plaintiff's application for reconsideration to the Appeals Council was dated November 13, 2018, but was post-marked on November 15, 2018.

Leifer that Plaintiff's request for review of the ALJ's dismissal had not been timely filed. [R. 26-28.] The November 28 Notice indicated that the Appeals Council had not found good cause for Plaintiff's late filing, but Plaintiff could provide additional information and evidence with instructions for doing so. *Id.* Plaintiff filed no response to this notice.

The Appeals Council sent Plaintiff and Attorney Leifer an additional notice dated June 11, 2019 further explaining that Plaintiff's application to the Appeals Council had been filed untimely without explanation.[8] [R. 22-24.] The Appeals Council gave Plaintiff an additional 60 days to provide information and evidence showing good cause for her late filing. [R. 22.] Attorney Leifer filed a response dated June 19, 2019 explaining that his office had not been retained until after the expiry of Plaintiff's time to file her request with the Appeals Council, but offered no other explanation as to why Plaintiff had not filed her request with the Appeals Council on time. [R. 179.] The response also incorrectly claimed that Plaintiff had not been represented by counsel during that time. *Id.* He asked that Plaintiff's case be remanded on the basis that the ALJ dismissed her case rather than denying it on the merits. *Id.* He also claimed that Plaintiff was not allowed in the building at the time of her hearing before the ALJ because she had experienced a "meltdown" in the lobby. *Id.*

By order dated October 21, 2019, the Appeals Council dismissed Plaintiff's request for review. [R. 1-4.] The Appeals Council found that Plaintiff failed to show good cause as to why her request to review the ALJ's dismissal was untimely and dismissed it pursuant to 20 C.F.R.

---

[8] The June 11, 2019 Appeals Council notice incorrectly states that Plaintiff had until October 15, 2018 to file her request for review, when her time to file actually expired on October 5, 2018. The June 11 notice also incorrectly listed Plaintiff's date of filing her request before the Appeals Council as November 19, 2018, when it was actually dated November 13, 2018 and mailed on November 15, 2018.

5

§§ 404.971 and 416.1471. [R. 3.]

Plaintiff timely filed a *pro se* form Social Security Complaint, which was made available through this district's *pro se* office. [Dkt. 2.] Pursuant to this district's Standing Order on Social Security Cases, the Honorable Cathy Seibel issued a scheduling directing, *inter alia*, that Plaintiff respond to the Commissioner's motion for judgment on the pleadings, if any, within 60 days. [Dkt. 5.] The Standing Order on Social Security Cases was mailed to Plaintiff on December 4, 2019 with a *pro se* packet. [*see* Dkt. 3, 7.]

The Commissioner filed the administrative record, which was served on Plaintiff on April 1, 2020. [Dkt. 15, 16.] The Commissioner filed a motion for judgment on the pleadings on June 1, 2020, to which Plaintiff had an additional 60 days to respond through July 31, 2020. [Dkt. 17.] Plaintiff did not file a response, and, by order dated September 9, 2020, I granted Plaintiff an additional 30 days through October 9, 2020 to file a response. [Dkt. 20.] I warned that, if Plaintiff did not oppose the Commissioner's motion, the Court would decide the motion based solely on the Commissioner's submissions. *Id.* Plaintiff did not file a response. Therefore, the matter has been fully submitted and is ripe for decision.

### III. DISCUSSION

#### A.    Legal Framework

This case presents a matter of first impression in this district as to whether a dismissal by the Appeals Council on timeliness grounds after a plaintiff *has not* received an ALJ hearing on the merits is reviewable by a federal court as a final agency decision under Section 405(g), in light of the Supreme Court's decision in *Smith v. Berryhill*, 139 S.Ct. 1765 (2019).

The doctrine of sovereign immunity prevents the federal government form being sued "without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). For the

purposes of Social Security claims, the United States has consented to be sued under the limited circumstances provided by 42 U.S.C. § 405(g). The statute states, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Generally, Social Security claimants who are denied benefits must proceed through a four-step administrative review process in order to obtain review by a federal court. First, a claimant must seek an initial determination of eligibility. Second, a claimant must seek reconsideration of that determination. Third, a claimant must request a hearing before an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the agency's Appeals Council. *Smith*, 139 S.Ct. at 1772. *See* 20 C.F.R. §§ 404.900, 416.1400.

Under the Commissioner's regulations, an ALJ may deny a request for a hearing without considering the case on the merits if the claimant fails to appear at the hearing without good cause. 20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i). The ALJ must consider physical, mental, educational, and linguistic limitations when considering whether a claimant can show good cause for his or her failure to appear. 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2).

A request to the Appeals Council to review an ALJ's decision must generally be filed within 60 days from the date of the notice of the ALJ's dismissal. 20 C.F.R. §§ 404.968(a), 416.1468(a). The Appeals Council may dismiss an untimely request. 20 C.F.R. §§ 404.971, 416.1471. The time period may be extended if a claimant can show good cause as to why he or she did not timely file. 20 C.F.R. §§ 404.968(b), 416.1468(b).

The Supreme Court explained that Section 405(g) contains two separate elements: a

jurisdictional element that claims be presented to the agency, and a requirement that administrative remedies prescribed by the Commissioner's regulations be exhausted. *Smith*, 139 S.Ct. at 1773. The first element, because it is jurisdictional in nature, cannot be waived. *See, e.g., Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). The second element requiring exhaustion can be waived by the Commissioner and can also be excused by the courts. *Smith*, 139 S.Ct. at 1773-74. To the extent that the Commissioner's final decision is reviewable under Section 405(g), the correct standard of review would be "substantial evidence" as to any factual findings, and "abuse of discretion" as to the ultimate outcome. *Id.* at 1779 n. 19.

Prior to the Supreme Court's decision in *Smith*, the Courts of Appeals had been split as to whether a denial by the Appeals Council on the grounds of timeliness constituted a "final decision" under Section 405(g) which could be reviewed by federal courts. *Smith*, 139 S.Ct. at 1773 n.6. The longstanding rule in the Second Circuit was that a dismissal by the Appeals Council on the basis of timeliness was not a "final decision" under Section 405(g), and, therefore, could not be reviewed by federal courts under this section. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983); *see also Jones v. Astrue*, 526 F. Supp. 2d 455, 460 (S.D.N.Y. 2007) (holding that a dismissal by the Appeals Council on the basis of untimeliness did not constitute a final decision within the meaning of Section 405(g), and, therefore, the court did not have jurisdiction to review the Appeals Council's decision under Section 405(g)).

In such circumstances, a court may still exercise mandamus review pursuant to 28 U.S.C. § 1361. *Dietsch*, 700 F.2d at 868 ("we have found that 28 U.S.C. § 1361, which authorizes an action in the nature of mandamus, provides jurisdiction to review otherwise unreviewable procedural issues."). "Mandamus jurisdiction will not apply unless "(1) the plaintiffs have a

right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief." *Jones*, 526 F. Supp. 2d at 459 (internal citations omitted).

The Supreme Court in *Smith* abrogated the longstanding rule and held that a denial by the Appeals Council for untimeliness constitutes a final decision within the meaning of Section 405(g) reviewable by federal courts. *Smith*, 139 S.Ct. at 1780. However, the Supreme Court expressly limited its ruling to cases where the Appeals Council's denial followed a decision by an ALJ *on the merits. Id.* at 1777 ("Where, as here, a claimant has received a claim-ending timeliness determination from the agency's last-in-line decisionmaker after bringing his claim past the key procedural post (a hearing) mentioned in § 405(g), there has been a 'final decision ... made after a hearing' under § 405(g)."). The Supreme Court stated in dicta:

> A different question would be presented by a claimant who assertedly faltered at an earlier step—*e.g.*, whose request for an ALJ hearing was dismissed as untimely and who then appealed that determination to the Appeals Council before seeking judicial review. While such a claimant would not have received a "hearing" at all, the Court's precedents also make clear that a hearing is not always required. Because such a situation is not before us, we do not address it.

*Id.* at 1777 n. 17.

### B.   Whether the Commissioner's Decision was a "Final Decision" Reviewable Under Section 405(g)

In the wake of *Smith*, courts have split on whether a dismissal by the Appeals Council for untimeliness, following a dismissal by an ALJ for failing to appear, is a final decision reviewable under Section 405(g). The courts in this district and in our sister districts within the Second Circuit discussing *Smith* have not answered this question. Of the sixteen cases to have cited *Smith*, most presented cases where an ALJ had rendered a decision on the merits that was

subsequently dismissed by the Appeals Council.⁹ Others presented unique circumstances not present in the instant case.¹⁰ The remaining cases did not pertain to Social Security matters.¹¹

A handful of courts outside of the Second Circuit have addressed facts similar to the instant case post-*Smith*, but the courts are, again, in disagreement. The Western District of Washington's decision in *Kinsley v. Saul*, Case No. 19 Civ. 991, 2019 WL 4858794 (W.D. Wash. Oct. 2, 2019) presented facts similar to the instant case. There, as here, the plaintiff failed to appear at the ALJ hearing who then dismissed the hearing request, and the plaintiff untimely filed an application for review before the Appeals Council. *Id.* at *1. The court held that it had no jurisdiction to hear the matter because of the plaintiff's failure to exhaust administrative remedies. *Id.* The court held that the Supreme Court's decision in *Smith* did not warrant a

---

⁹ *Blauvelt v. Saul*, Case No. 19 Civ. 1446, 2020 WL 4432911 (D. Conn. July 31, 2020); *Filippo v. Saul*, Case No. 18 Civ. 10156, 2020 WL 5229681 (S.D.N.Y. Sept. 1, 2020); *Jacqueline E. v. Saul*, Case No. 17 Civ. 414, 2020 WL 1234949 (W.D.N.Y. Mar. 13, 2020); *Kathy R. v. Saul*, Case No. 19 Civ. 385, 2020 WL 1862967 (N.D.N.Y. Apr. 14, 2020); *Osman v. Saul*, Case No. 19 Civ. 2210, 2020 WL 3051512 (E.D.N.Y. June 8, 2020); *Saez v. Saul*, Case No. 18 Civ. 2061, 2020 WL 2572770 (D. Conn. May 20, 2020); *Shari L. v. Saul*, Case No. 19 Civ. 851, 2020 WL 3971510 (N.D.N.Y. July 14, 2020); *Zaky v. Saul*, Case No. 18 Civ. 1426, 2020 WL 2113614 (D. Conn. May 4, 2020).

Copies of unreported cases will be mailed to Plaintiff.

¹⁰ *Dunn v. Saul*, No. 19-2653, 2020 WL 6265855, at *2 (2d Cir. Oct. 26, 2020) (affirming the dismissal of the complaint where the plaintiff's application before the Appeals Council was still pending); *Jennifer N. v. Saul*, Case No. 18 Civ. 957, 2020 WL 3602997 (N.D.N.Y. July 2, 2020) (denying a writ of mandamus following an ALJ's denial of benefits); *Nunez v. Saul*, Case No. 19 Civ. 0170, 2020 WL 3962046 (S.D.N.Y. July 13, 2020) (dismissing a complaint for failure to exhaust after the plaintiff failed to file an application with the Appeals Council); *O'Donoghue v. United States Soc. Sec. Admin.*, Case No. 19 Civ. 1426, 2020 WL 5884786 (2d Cir. Oct. 5, 2020) (concerning money damages arising from a civil rights complaint).

¹¹ *U.S. v. Brown*, Case No. 04 Crim. 143, 2020 WL 2128861 (E.D.N.Y. May 5, 2020); *Hymes v. Bank of Am., N.A.*, 408 F. Supp. 3d 171 (E.D.N.Y. 2019); *U.S. v. Roberts*, Case No. 18 Crim. 528, 2020 WL 1700032 (S.D.N.Y. Apr. 8, 2020); *Rosado v. Wheeler*, Case No. 17 Civ. 4843, 2020 WL 4042941 (E.D.N.Y. July 17, 2020).

different result because the lack of a hearing before an ALJ on the merits meant that the plaintiff had not received a final decision on the merits under Section 405(g). *Id.* at *3.

In *Aiken-Canty v. Saul*, No. 1:18-CV-909, 2019 WL 5290532 (M.D. Pa. Aug. 13, 2019), report and recommendation adopted sub nom. *Aiken-Canty v. Soc. Sec. Admin.*, Case No. 18 Civ. 909, 2019 WL 5260360 (M.D. Pa. Oct. 17, 2019), the plaintiff failed to appear at her hearing before the ALJ, but timely filed her application for review before the Appeals Council. *Id.* at *1. The magistrate judge recommended that the court dismiss the complaint, finding that the plaintiff had not received a final decision on the merits under Section 405(g) because she had not completed the agency's four-step review process. *Id.* at *3-4. The district court dismissed the complaint for lack of subject matter jurisdiction. *Aiken-Canty*, 2019 WL 5260360, at *1.

Other districts have ruled differently. In *Novak v. Saul*, Case No. 18 Civ. 2716, 2020 WL 6389992 (N.D. Ohio Nov. 2, 2020), the plaintiff failed to appear at his ALJ hearing but timely filed an application for reconsideration before the Appeals Council. *Id.* at *1. Even though the Commissioner's decision was affirmed, the court reviewed the agency's decision for abuse of discretion, thus finding that the Commissioner had rendered a "final decision" reviewable under Section 405(g). *Id.* at *2 (referring to the ALJ's determination as the Commissioner's "final decision."). In *Ward v. Saul*, Case No. 18 Civ. 1455, 2019 WL 5448598, at *3 (N.D. Ala. Oct. 24, 2019), the plaintiff failed to appear at the ALJ hearing, and the Commissioner moved to dismiss the complaint for lack of jurisdiction. *Id.* at *1-2. Relying on *Smith*, the court held that it had jurisdiction over the complaint, even though there had been no decision by the ALJ on the merits following a hearing. *Id.* at *5. In *Wills v. Berryhill*, Case No. 19 Civ. 39, 2019 WL 3953977 (N.D. Miss. July 26, 2019), report and recommendation adopted in part, rejected in part sub nom. *Wills v. Comm'r of Soc. Sec.*, Case No. 19 Civ. 39, 2019 WL 3953954 (N.D. Miss.

11

Aug. 21, 2019), the district court dismissed the complaint on the grounds of exhaustion, but declined to adopt the magistrate judge's recommendation to dismiss the complaint for lack of jurisdiction. *Id.*

I agree with the reasoning in *Kinsley* and *Aiken-Canty*. Where, as here, a plaintiff's request for a hearing before an ALJ is denied because of her failure to appear, and her subsequent application for review before the Appeals Council is dismissed as untimely, the plaintiff has not received a final decision by the Commissioner for the purposes of Section 405(g). Looking at the plain text of the statute, a decision is "final," "after a hearing to which he was a party," and a plaintiff may obtain review "*of such decision*." 42 U.S.C. § 405(g) (emphasis added). The phrasing, "of such decision," refers to a decision that was rendered after a hearing to which that plaintiff was a party. Where a plaintiff's request for a hearing is dismissed outright, no such decision was made by the Commissioner as a result of hearing. In fact, no hearing would have even taken place. Instead, the ALJ's dismissal resulted not from a hearing, but for some other procedural grounds.[12]

This interpretation conforms to cases in this district decided both before after *Smith*. In *Nunez v. Saul*, this Court held that the ALJ's denial of a request for a hearing because of the plaintiff's failure to appear did not constitute a "final decision" reviewable under Section 405(g). *Nunez*, 2020 WL 3962046 at *4 (relying on *Dunn v. Comm'r of Soc. Sec.*, Case No. 13 Civ. 4398, 2016 WL 7015827, at *3 (S.D.N.Y. Sept. 21, 2016) ("[T]he ALJ's decision ... was a dismissal of [p]laintiff's request for a hearing because of his failure to appear. This decision of

---

[12] The fact that Plaintiff was present for her initial hearing is of no moment, because the hearing was adjourned without ruling. The agency, therefore, did not render a decision on the merits based on a hearing.

the Commissioner was not the outcome of a merits-based hearing and, therefore ... it was not a final decision subject to judicial review under Section 405(g).").

This interpretation also conforms to the holding in *Smith*. The Supreme Court acknowledged that plaintiffs who are denied benefits must first proceed through the four-step administrative review process in order to obtain review by federal courts. *Smith*, 139 S.Ct. at 1772. Here, Plaintiff failed at the third step, requiring ALJ review. "Accordingly, because a hearing was never held before an ALJ, 'Plaintiff's disability claim is essentially stalled at the third step in the four-step process.'" *Aiken-Canty*, 2019 WL 5290532, at *4 (internal citations omitted).

The Supreme Court in *Smith* acknowledged that "the Court's precedents also make clear that a hearing is not always required." *Smith*, 130 S.Ct. at 1777, n. 17. In so doing, the Supreme Court expressly referred to the fact that the Commissioner may waive any exhaustion requirement. *Id.* citing *Id.* at 1773-74. For example, the Appeals Council may excuse the lack of a hearing before an ALJ and consider a matter on the merits by its own initiative. *See, e.g.*, 20 C.F.R. §§ 404.969(d), 416.1469(d). As such, the Supreme Court found that there is no bright-line rule requiring an ALJ hearing on the merits. However, what is crucial is that the agency, at some point after a hearing, render a decision on the merits for the court to review. Because there was no such final decision here, the Complaint is not reviewable under Section 405(g).

C.   **Mandamus Review**

In light of the forgoing, this Court cannot exercise jurisdiction to review the Complaint under Section 405(g), and instead considers whether it can review the Complaint under its mandamus power. Plaintiff did not seek mandamus review in her Complaint, and she did not respond to the Commissioner's motion despite ample notice and opportunity to do so.

13

Nevertheless, it is well settled that *pro se* pleadings should be liberally construed, including in Social Security matters. *Nunez*, Case No. 19 Civ. 0170 at *4 (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)). I therefore consider whether the Complaint can be reviewed under the Court's mandamus power. *See* 28 U.S.C. § 1361.

"Mandamus is an 'extraordinary writ' whose power must be exercised cautiously." *Caremark Therapeutic Servs. v. Thompson*, 244 F. Supp. 2d 224, 228 (S.D.N.Y.), aff'd, 79 F. App'x 494 (2d Cir. 2003). To merit mandamus relief, a party "must show that he or she lacks an adequate alternative means to obtain the relief sought, and must demonstrate a clear and indisputable right to the issuance of the writ, amounting to a clear abuse of discretion or usurpation of ... power." *Id.* (citing *In re Steinhardt Partners*, L.P., 9 F.3d 230, 233–34 (2nd Cir.1993)). The Supreme Court stated that the "common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). In the context of Social Security cases, a plaintiff must, therefore, show that she had the right to have an act performed, the Commissioner was under a clear, nondiscretionary duty to perform the act, and Plaintiff exhausted all other avenues of relief. *Jones*, 526 F. Supp. 2d at 459 (internal citations omitted).

Here, Plaintiff did not have the right to have her ALJ hearing rescheduled in light of her failure to appear without good cause. The regulations are clear that a request for an ALJ hearing can be dismissed for failure to appear absent a showing of good cause. 20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i). The ALJ was obligated to consider factors including physical, mental, educational, and linguistic limitations. 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2). The ALJ did so. [R. 9.] The record shows that Plaintiff could not pass security

14

because she was in possession of alcohol, and may have suspected that she had consumed the alcohol when she returned.[13] The ALJ considered the factors required by the regulations and was under no further obligation to rehear the case. [R. 9-10.]

Moreover, Plaintiff failed to provide any reason whatsoever for her representative's failure to appear, which the ALJ also properly considered. The hearing office found another attorney at Plaintiff's representative's law firm who attempted to reach out to Plaintiff and her counsel, but could not do so. The record is silent as to why neither Attorney Lembeck nor Attorney Muller were present. A day following the dismissal, an unnamed individual from Attorney Muller's office sent a letter to the ALJ explaining why Plaintiff was absent, but provided no excuse for her own absence. Someone from Attorney Muller's office also called the hearing office and refiled an identical letter with the agency, again offering no explanation.

The record indicates that the agency called both Plaintiff and her attorney to remind them of the hearing and received confirmation that they would appear. The agency sent letters to Plaintiff and Attorney Lembeck by mail reminding them of the hearing. The agency took steps to locate Plaintiff when she did not appear. The notices provided to Plaintiff and her representative expressly stated that her case may be dismissed if she fails to appear. The ALJ took these facts into consideration when she determined that Plaintiff did not show good cause for her absence. [R. 9-10.]

Plaintiff did not have a right to have the Appeals Council hear her case or remand it for rehearing. The regulations are equally clear that the Appeals Council may dismiss an untimely

---

[13] The Court takes judicial notice that the regulations prohibit the use of alcohol on federal property absent certain exceptions, as prescribed by the General Service Administration. *See* 41 CFR § 102-74.405.

15

application absent a showing of good cause. 20 C.F.R. §§ 404.971, 416.1471. The time period may be extended upon a showing of good cause. 20 C.F.R. §§ 404.968(b), 416.1468(b). The record shows that Plaintiff, at the time of the ALJ's dismissal, had been represented by Attorneys Lembeck and Muller. At some point prior to the expiry of her time to file, she had also retained Attorney Buckley. Plaintiff did not retain Attorney Leifer until after her time to file had expired. Nevertheless, Plaintiff offered no reason why she did not file within that time. The Appeals Council gave Plaintiff multiple opportunities to show good cause, at first on November 28, 2018, and subsequently granted her an additional 60 days from June 11, 2019 [R. 22-28.] Instead, she filed one-page responses simply acknowledging that her request was late and asking for a rehearing. Plaintiff's story also changed multiple times, first admitting that she was turned away due to alcohol, then alleging that she had experienced a "meltdown" in the lobby of the building. Plaintiff also, without explanation, referred to mental and emotional problems. She also claimed to have been unrepresented after the ALJ's dismissal, which was untrue.

Accordingly, neither the ALJ nor the Appeals Council failed in their duties to consider Plaintiff's requests, and, therefore, Plaintiff is not entitled to mandamus relief.

### III. CONCLUSION

For the forgoing reasons, Defendant's motion is **GRANTED**, and the Complaint is **DISMISSED**. The clerk is directed to close this case.

Dated: November 16, 2020
       White Plains, New York

SO ORDERED

_____
Paul E. Davison
United States Magistrate Judge